UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH THAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-2257** |
| **PRIDE OFFSHORE, INC.** | **SECTION "K"(5)** |

## ORDER AND REASONS

Before the Court are a number preliminary evidentiary matters which the Court shall resolve prior to trial herein.

**I.  Adverse Inference With Respect to Plaintiff's Surgery Occurring Prior to an IME**

Defendant seeks an adverse inference because Joseph Thames underwent surgery without submitting to an Independent Medical Examination which had been agreed to by the parties and such agreement had been memorialized in a Minute Entry entered by the Court.

**IT IS ORDERED** that the request for an Adverse Inference (Doc. 38) is **DENIED**. Defendant will be allowed to show that plaintiff had the operation despite the Court ordering an IME be conducted prior to surgery.  This occurrence was the result of plaintiff's counsel's negligence rather than any intentional act on the part of the plaintiff or his counsel. As such, an inference based on spoliation of evidence is inapplicable.

**II.     Objections to Proposed Deposition Testimony Filed by Pride Offshore, Inc. (Doc. 38)**

**IT IS ORDERED** that Objection to Page 58, Line 13-Page 59, Line 20 of the deposition of Andrew Biggs is **SUSTAINED**.

**IT IS ORDERED** that Objection to Page 36-37, Line 13 and Page 38 Line 12 of the deposition of Dr. Jeffrey Summers is **OVERRULED**,

**IT IS ORDERED** that Objection to Page 39, Line 1-Page 40, Line 9 of the deposition of Dr. Jeffrey Summers is **SUSTAINED**.

**IT IS ORDERED** that Objection to Page 40, Line 10-Page 41, Line 14 of the Deposition of Dr. Jeffrey Summers is **OVERRULED**.

**IT IS ORDERED** that Objection to Page 41, Line 15-Page 42, Line 20 of the Deposition of Dr. Summers is **OVERRULED**.

**IT IS ORDERED** that the objection to several small portions of testimony of Mary Jones is **OVERRULED**.

**III.    Plaintiff's Motion in Limine to Strike the Testimony of Andrew Biggs** (Doc. 47)

**IT IS ORDERED** that the Motion to Strike is **DENIED**.

**IV.    Pride Offshores' Objection to Exhibits** (Doc. 43-improperly linked to the entirety of the Exhibit list as it deals solely with Plaintiff's Exhibit 4)

**IT IS ORDERED** that the Objection is **SUSTAINED**.  However, plaintiff may question Collins about the statement and use it to impeach him if necessary.

**Plaintiff's Objection to Defendant's Exhibits as to the Human Performance Center Records**

**IT IS ORDERED** that the objection is **OVERRULED**.

**Plaintiff's Motion to Strike Expert Qualification of Alfred Laird**

**IT IS ORDERED** that since to the Court's knowledge Alfred Laird did not prepare an expert report nor present a curriculum vitae to the Court as required by its rules, the Motion to Strike is **GRANTED** and Mr. Laird may only testify as a fact witness.

**Defendant's Objections to Dr. St. Martin**

**IT IS ORDERED** that objection to Page 17, Line 22-Page 18, Line 20 is **OVERRULED**.

**IT IS ORDERED** that objection to Page 21, Line 14-Page 22, Line 14 is **SUSTAINED** in part and **OVERRULED** in part; Lines 10 -11 on p. 22 will be stricken.

**IT IS ORDERED** that objection to Page 24, Line 4-Page 29, Line 3 is **OVERRULED**.

**Maintenance and Cure/Medical Expenses**

Plaintiff and defendant have agreed to stipulate that the rate of maintenance to be paid is $21.00 per day, and $10,000. for past cure in the event maintenance and cure are awarded by the jury.

However, there is no such agreement with respect to medical expenses incurred by plaintiff at Wesley Medical Center and for the services of Dr. Molleston. While the "retail" cost of treatment at Wesley Medical Center would have been $41,604.96, Medicaid paid $3,902.83 which apparently

has been accepted as payment in full. Dr. Molleston's outstanding charges are for approximately $36,000. Dr. Molleston does accept Medicaid payment, but has chosen not to apply for such payment for the services rendered to plaintiff. As such there is still an outstanding bill in that amount.

Plaintiff agrees that recovery under cure with respect to the Wesley Medical Center would be limited to the Medicaid payment that was made and accepted by Wesley Medical Center. With respect to Dr. Molleston, plaintiff contends that he is entitled to the full "retail" value of treatment and seeks payment for the entirety of Dr. Molleston's outstanding medical expenses as Dr. Molleston has not applied for or accepted Medicaid payments for his outstanding bill.

Defendant maintains that as plaintiff was entitled to Medicaid benefits, his recovery for both bills should be limited to the amount Medicaid would pay.

In addition, in the context of a recovery under the Jones Act, plaintiff maintains that he is entitled to the full retail value for both operations as the collateral source rule prevents the defendant from benefitting from the collateral source–here Medicaid benefits.

In *In the Matter of Gulf Pride Marine Service, Inc.*, 1997 WL 118394 (E.D.La. March 14, 1997), discussed the applicability of the collateral source rule in the context of recovery of medical expenses under a Jones Act claim. He explained that "the Collateral Source Rule, payment from a source independent or unrelated to a tortfeasor does not reduce his liability to an injured party. This is because, as a matter of policy, the law allows the injured party, rather than the tortfeasor, the windfall, if any created by the collateral source payment." *Id.* at *10 *citing Restatement (2d) of Torts* § 920. He then stated:

> The collateral source rule is applicable to seamen claims under tort based remedies such as the Jones Act and the seaworthiness warranty of the General Maritime Law. *See* 1 *Schoenbaum, Id.* at 303 (2d Ed. 1994). The Medicare/Medicaid payments fall within the collateral source rule and the defendant is not entitled to take a credit for them. Moreover, Medicaid had the right and obligation to seek recovery of these expenses so it is likely that the payment will not be a windfall to plaintiff.

*Id.* Furthermore, a Court cannot compel a seaman to accept treatment funded by Medicare [or Medicaid] in lieu of cure. *In the Matter of Falcon Workover Co., Inc.* 1999 WL 243657, *5 (E.D.La. April 21, 1999).

The Court finds that provided that the defendant demonstrates that the Wesley Hospital Bill is considered paid in full and that Wesley has waived any lien right, then there is no outstanding bill and plaintiff's exposure for this bill is satisfied.

However, with respect to Dr. Molleston's bill, the Court finds that the fact that Medicaid may be available, does not preclude recovery of his total charge. Furthermore, burden of proof lies on the defendant "to establish an exceptional circumstance, e.g., that the doctor chosen by the employee provided unnecessary treatment or that his fees were higher than those the employer's physician would have charged for the same services." *Caulfield v. AC&D Marine, Inc.,* 633 F.2d 1129 (5th Cir. 1981). Thus, provided that plaintiff proves he is entitled to damages, plaintiff is entitled to the full "retail" cost of the services rendered by Dr. Molleston. Accordingly,

**IT IS ORDERED** that plaintiff's recovery, either in the context of "cure" or damages for tort liability, with respect to Wesley Medical Center shall be limited to the amount paid by Medicaid provided that there are no liens by the hospital for further payment

**IT IS FURTHER ORDERED** that plaintiff's recovery either in the context of "cure" or damages for tort liability, with respect to Dr. Molleston not be limited to the amount that would

have been accepted had Medicaid been applied to these services.  Furthermore, the burden of proof of the reasonableness of the bill lies with defendant.

New Orleans, Louisiana, this   12th   day of January, 2006.

```
                                    _____
                                         STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT COURT JUDGE
```