U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JAN 25 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH THAMES

VERSUS

PRIDE OFFSHORE, INC.

CIVIL ACTION

03-2257

SECTION "K"(5)

# JURY CHARGES

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

I will begin with some general instructions and continue with specific instructions pertaining to the law applicable to the claims made in this case.

___ Fee
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, which means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection ~~for~~ of the

evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight that the recollection or impression of each juror about the testimony.

The parties have agreed, or stipulated, that Mr. Thames is a seaman. This means that both sides agree that these are facts. You must therefore treat this fact as having been proved.

I will now instruct you concerning the specific law applicable to this case.

## INTRODUCTION

Joseph Thames, the plaintiff in this case, was employed by the defendant, Pride Offshore, Inc., on or about February 22, 2003. He alleges that he was injured when he was lifting a bag of sandblast aggregate to pour into a hopper that was used for sandblasting activities on the rig in preparation for painting portions of the rig. Plaintiff contends that Pride was negligent in failing to provide a mechanical means to lift the sacks of sand and if no such mechanical means were available, then in failing to provide extra assistance to him in lifting the bag. Plaintiff underwent back surgery on June 11, 2004, the need for which he contends was caused by the incident in question.

Defendant contends that the activities in which plaintiff was engaged were routine and safe to perform by one person without assistance in any fashion. Defendant also contends, nonetheless, that if assistance was necessary, it was available and plaintiff could and should have asked for it as

he was trained to do. Nonetheless, defendant contends that no such accident occurred and that the plaintiff had pre-existing back problems to which his condition is attributable.

Based on this incident, the plaintiff, Joseph Thames, is asserting three separate claims against the defendant in this case which I will now explain to you. The plaintiff's first claim, under a federal law known as the Jones Act, is that his employer, Pride Offshore, Inc., was negligent, and that Pride Offshore's negligence was a cause of his injuries. The plaintiff's second claim is that unseaworthiness of a vessel caused his injury. The plaintiff's third claim is for Maintenance and Cure.

You must consider each of these claims separately. The plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

## JONES ACT—NEGLIGENCE

Under the Jones Act, Joseph Thames, must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

term

In a Jones Act claim, the "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if the employer's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the defendant conducted its activities in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the activity in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his employment.

If you find from a preponderance of the evidence that the defendant assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that the defendant was negligent.

## UNSEAWORTHINESS

The plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the defendant's vessel, the [redacted] PRIDE ALABAMA.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel–a vessel that is reasonably fit for its intended use–no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the plaintiff on the claim of unseaworthiness.

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, the Jones Act claim has a different rule than the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

## CONTRIBUTORY NEGLIGENCE

The defendant contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiff was contributorily negligent. If the plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training, and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendant was negligent or that the vessel was unseaworthy, and that the negligence or unseaworthiness was the proximate (legal) cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence you assign to the plaintiff.

**DAMAGES**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will

have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

Furthermore, while the defendant must accept the plaintiff's physical state as it finds him, the defendant is only responsible for the damages that were proximately caused by the defendant's negligent conduct or the unseaworthiness of the ship.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: past and future physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by his injury; income

loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; past medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

However, some of the damages which you may determine, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In

awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff with respect to these intangible injuries is **not** subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon those types of injuries.

## DAMAGES--MULTIPLE CLAIMS

In a civil action such as this, each party asserting a claim, as hereafter described, has the burden of proving every essential element of that claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claims by "a preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case where there is a claim of negligence under the Jones Act, and a claim of unseaworthiness, you should consider each claim, and the evidence pertaining to it, separately; but in determining any fact in issue you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then you should find against the party having the burden of proof as to that claim.

However, in considering these claims separately, you must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost.

## MAINTENANCE AND CURE CLAIM

The plaintiff claims that, as a seaman, he is entitled to recover maintenance and cure. This claim is separate and independent from the Jones Act and unseaworthiness claims of the plaintiff. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and cure is a seaman's remedy. As previously noted, plaintiff is a seaman; thus you must determine whether he is entitled to maintenance and cure.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. When there are ambiguities or doubts as to a seaman's right to receive maintenance and cure, they are to be resolved in favor of the seaman. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus. However, the employer does not have a duty to provide cure for any period of time during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food and lodging. Lodging includes utilities such as water, electricity and natural gas. A seaman is not entitled to maintenance for that period of time that he is an inpatient in any hospital, because the cure provided by the employer through hospitalization includes the food and lodging of the seaman.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at

which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable, or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished. You will not be required to calculate the amount of maintenance and cure as the parties have made a stipulation which will allow the Court to make this calculation should you so find.

However, where a ship owner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure. Of course, the defense that a seaman knowingly concealed material information will not prevail unless there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage.

If you find that:

1. the plaintiff intentionally misrepresented or concealed medical facts;
2. the non-disclosed facts were material to the employer's decision to hire the plaintiff; and
3. a connection exists between the withheld information and the injury complained of in this case,

then Joseph Thames cannot recover maintenance and cure.

If you find that the plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then he is not entitled to maintenance and cure for the same period of time. That is because the plaintiff may not recover twice for the same loss of wages or medical expenses. Regardless, the plaintiff may be entitled to an award of compensatory damages for failure to pay maintenance and cure when it was due. Additionally, since the parties have stipulated the amount of maintenance and cure that would be due should you find that the plaintiff is entitled thereto, if you find that maintenance and cure is due and you have not awarded damages for past medical expenses and past lost wages, the Court will make the calculation of the maintenance and cure due.

A shipowner who has received a claim for maintenance and cure is entitled to investigate the claim. However, if after investigating the claim, the shipowner unreasonably rejects the claim for maintenance and cure, he is liable for both the maintenance and cure payments he should have made, and any compensatory damages caused by his unreasonable failure to pay. Compensatory damages may include any aggravation of the plaintiff's condition because of the failure to provide maintenance and cure.

Thus, you may award compensatory damages because the shipowner failed to provide maintenance and cure if you find by a preponderance of the evidence that:

1. The plaintiff was entitled to maintenance and cure;

2. It was not provided;

3. The defendant acted unreasonably in failing to provide maintenance and cure; and

1. The failure to provide the maintenance and cure resulted in some damage to the plaintiff.

If you also find that the shipowner's failure to pay maintenance and cure was not only unreasonable, but was willful, that is, with the deliberate intent to do so, you may also award the plaintiff attorney's fees. However, you should not award attorney's fees unless the shipowner acted willfully in disregard of the seaman's claim for maintenance and cure. The plaintiff may not recover attorney's fees for the prosecution of the Jones Act or unseaworthiness claims. Thus, you may award only those attorney's fees plaintiff incurred in pursuing the maintenance and cure claim and only if you find that the shipowner acted willfully in failing to pay maintenance and cure.

The plaintiff may not recover attorney's fees for the prosecution of the Jones Act or unseaworthiness claims. You may award attorney's fees only if you find that the ship owner acted arbitrarily or with callous disregard, in failing to pay maintenance and cure.

**MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

With respect to the injured plaintiff's responsibility to mitigate, if a seaman seeks his own private physician rather than another chosen by the employer, he forfeits only that amount of compensation, if any, that would have been saved if he had received the necessary care from the employer's doctor. The defendant has the burden of proving that the cost of the plaintiff's treatment unnecessarily exceeded that which the employer would have incurred had the employee followed the employer's recommendation regarding a physician.

Now, I will explain the Jury Interrogatory Form to you.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.